### LAURA MAY *v.* CALEB MORTON.

The affidavit of non-residence, to obtain security for costs, may be made by a party in the cause.

*Hartwell,* moved for security for costs on an affidavit—*Scott,* for the plaintiff, doubted the competency of an affidavit made by the party himself.

BY THE COURT:—The present application is one of the cases in which the affidavit of a party is competent.

### THE STATE *v.* JOHNSON SAUNDERS AND OTHERS.

Where a defendant in an indictment bound in recognizance to appear at the Oyer and Terminer made default, and a *scire facias,* issued out of this court against him, to shew cause why his recognizance should not be forfeited, cause shewn that he appeared at a subsequent court of Quarter Sessions was tried and acquitted on the indictment is sufficient; and this court will discharge the recognizors on payment of costs.

Saunders, indicted for larceny, failed to appear pursuant to recognizance at the Somerset Oyer and Terminer in April last; which default, &c., being certified to this court, a *scire facias* was now returned requiring the recognizors to shew cause why the recognizance should not be forfeited, &c.

*Vroom* for the recognizors, stated that in the Somerset Sessions in June last, the defendant, Saunders appeared, was tried on the indictment and acquitted; and prayed that the recognizance should not be forfeited and the recognizors discharged.

The Court ordered the recognizors to be discharged upon payment of costs; the Attorney General referring to a case in which a similar rule had been made by this court.